UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------

STEPHEN N. SALYERS on behalf of himself and all others similarly situated

        Plaintiff, 

 -against-

RETRIEVAL MASTERS CREDITORS BUREAU, INC
D/B/A AMERICAN MEDICAL COLLECTION AGENCY
AND AMCA

        Defendant.

------------------------------------------------------------

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAY 10 2010   ★

LONG ISLAND OFFICE

COGAN, J.

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff seeks redress for the illegal practices of Retrieval Masters Creditors Bureau, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York in Queens County.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to Quest Diagnostics.

4. Upon information and belief, Retrieval Masters Creditors Bureau, Inc. is a New York corporation which maintains an office for collection of debts in Elmsford, Westchester County, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

1

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as part of the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant resides in this district.

### *Allegations Particular to Stephen N. Salyers*

9. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. Defendant sent a letter to the plaintiff dated December 7, 2009.

11. Said letter states in pertinent part as follows: "If you believe that the amount you owe is too small for us to pursue, you are mistaken. Send your payment of **$120.42** and we will not need to take further collection steps."

12. Said language implies more intense collection efforts beyond the mere sending of collection letters which, upon information and belief, the mere sending of collection letters is substantially the collection program for the defendant's creditors.

13. Upon information and belief, the defendant did not pursue the matter as implied in the collection letter at issue.

14. The defendant's practices are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e(5) and 1692e(10) for engaging in deceptive practices and false threats.

## AS AND FOR A FIRST CAUSE OF ACTION

### *Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

15. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1- 14 as if set forth fully in this Cause of Action.

16. This cause of action is brought on behalf of plaintiff and the members of a class.

17. The Class consists of consumers who received the same form letters, as did the plaintiff.

18. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about December 7, 2009 sent within one year prior to the date of the within complaint; (b) the collection letter was sent to a consumer seeking payment of an alleged consumer debt; and (c) the collection letter was not returned by the postal service as undelivered (d) and that the letter contained violations of 15 U.S.C. § 1692e(5) and 1692e(10).

19. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of

3

Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

20.  A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

21.  If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

22.  Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

23.  The defendant's use of the language as set forth above violates the Fair Debt Collection Practices Act.

24.  Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair

Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

    (a)     Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c)     Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
May 6, 2010

_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

5



**AMERICAN MEDICAL COLLECTION AGENCY**
COLLECTION AGENCY   2269 S. Saw Mill River Road, Building 3 • Elmsford, NY 10523

**PIN NUMBER: 68896677699**
6 A24 **2166894**

1-800-365-3638
1-914-345-7125

Stephen N. Salyers
1425 30th Dr.
Astoria, NY  11102-3637

December 7, 2009

## AVOID FURTHER ACTIVITY

Dear Stephen N. Salyers:

You have had the opportunity to pay the **$120.42** you owe **Quest Diagnostics Inc.**, yet you have repeatedly neglected to do so. Your doctor determined that you needed certain laboratory tests. Our client performed those tests as ordered and has a right to be paid.

If you believe that the amount you owe is too small for us to pursue, you are mistaken. Send your payment of **$120.42** and we will not need to take further collection steps. Any further delay will force us to continue to attempt collection of the outstanding debt. Your charges are as follows:

| Date of Service | Account Number | Balance |
| --- | --- | --- |
| 03/04/09 | TE1  0015926985578 | 120.42 |

To pay online: **www.pay.amcaonline.com**

**ACA** INTERNATIONAL
The Association of Credit and Collection Professionals
Member

*NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION*

☐ VISA  ☐ MasterCard  ☐ Discover

Card #: _____
Exp. Date: _____ Amount $ _____
Signature: _____

AMCA
PO BOX 1235
ELMSFORD, NY 10523-0935

Service Provider: **Quest Diagnostics Inc.**
Amount Due: **$120.42**
Date of Service: **SEE ABOVE**   069
Invoice #: MCD 2166894A24

008010        091205

A2412042216894++++++++2

DETACH HERE

"This is an attempt to collect a debt. Any information obtained will be used for that purpose."
This communication is from a debt collector.

New York City Department of Consumer Affairs License Number 0886914.

State of North Carolina Permit #2087

▲ Detach along this edge ▲
and return the bottom portion with your check or money order.
Include your account number, name and address on all correspondence.

Thank you for your attention to this matter.